UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID NELSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:18 C 50354 |
| ) | |
| BOARD OF TRUSTEES OF ROCKFORD ) | Judge Rebecca R. Pallmeyer |
| PIPE TRADES INDUSTRY PENSION FUND, ) | |
| and BENEFITS MANAGEMENT GROUP, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

Plaintiff David Nelson believes the managers of his pension fund have miscalculated the benefits to which he is entitled. Nelson filed this action on November 5, 2018, pursuant to 29 U.S.C. § 1132(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA") against the Board of Trustees of the Rockford Pipe Trades Industry Pension Fund. The Rockford Pipe Trades Industry Pension Plan is a multiemployer defined benefit pension plan, under which participants receive pension credit for hours of covered work and, under reciprocal agreements, receive credits for work in other jurisdictions as well. Nelson asserted two claims before the Plan Administrator: first, that the Trustees failed to credit him for hours worked outside the jurisdiction ("Claim One"); and, second, that the hours he worked in this jurisdiction were undercounted ("Claim Two"). The Plan Administrator denied both claims, and on review, in what the parties refer to as the Plan's administrative review proceedings, the Board of Trustees affirmed those denials. Specifically, the Board concluded that Claim One was time-barred, and that Nelson did not timely invoke the Plan's internal review proceedings with respect to Claim Two. This action, challenging those rulings, followed.

The parties have filed cross-motions for summary judgment. In the course of briefing those motions, Plaintiff has withdrawn Claim One, but, as described below, he argues that the Board's process for reviewing that claim is relevant to the disposition of Claim Two. (Plaintiff's Memorandum in Support of Motion for Summary Judgment [34], at 2.) For the reasons set forth below, the court concludes that the Board did not abuse its discretion with respect to Plaintiff's claims and therefore grants judgment in favor of Defendants.

## DISCUSSION

**Standard of Review**

Because the Plan confers discretionary power on the plan administrator to determine eligibility for benefits or construe the terms of the Plan, this court reviews those determinations under an "arbitrary and capricious" standard of review. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). Under this deferential standard of review, a plan administrator's decision will only be overturned if it is "downright unreasonable." *Carr v. Gates Health Care Plan*, 195 F.3d 292, 294 (7th Cir. 1999). As noted, the Board's decision affirming the denial of Claim Two rested on Plaintiff's failure to exhaust his remedies. Both of his claims were reviewed first

by the Rockford Pipe Trades Industry Pension Fund Administrator. In a letter dated December 6, 2017, the Administrator advised Nelson that his Claim Two, treated separately from Claim One, was being denied, and that under Article IX, Section 9.04(c)(1) of the Plan, Nelson had "sixty days from the date of this letter to submit an appeal." The letter warned, further, that Nelson would have no right to challenge the decision in a lawsuit if he did not first appeal the denial of Claim Two to the Plan Trustees. (Def.'s 56.1 Statement [32] ¶¶ 40, 42-43.) Enclosed with the December 6, 2017 denial letter was a copy of Article IX of the Plan Document, which sets forth the applicable procedures and limitations periods. (Def.'s 56.1 ¶ 44.)

**Failure to Exhaust**

Nelson admits that he did not file a timely appeal regarding the claim requesting a recalculation of his pension benefits (that is, Claim Two); his attorney did not seek review immediately and instead did so for the first time on April 17, 2018, 133 days after Claim Two was denied. (Plaintiff's Memorandum [34] at 5.) Plaintiff acknowledges, further, that controlling case law interprets ERISA as requiring exhaustion of administrative remedies as a prerequisite to bringing suit under the statute. (*Id.* at 6.) *See Powell v. A.T. & T. Commc'ns, Inc.*, 938 F.2d 823, 826 (7th Cir.1991) (citing 29 U.S.C. § 1133); *Edwards v. Briggs & Stratton Ret. Plan*, 639 F.3d 355 (7th Cir. 2011). Additionally, the Seventh Circuit has held that a claimant's failure to file a timely administrative appeal from a denial of benefits constitutes a failure to exhaust administrative remedies, and that plan officials, such as the Trustees, must follow the plain language. *Edwards*, 639 F.3d at 362. Untimely compliance with deadlines has consequences for claimants and for the plan administrators themselves. *Cf. Fessenden v. Reliance Standard Life Ins. Co.*, 927 F.3d 998 (7th Cir. 2019) (ERISA plan administrator who fails to comply with plan's deadline for issuing a decision forfeits the deferential standard of review).

Plaintiff argues that the exhaustion requirement should be excused in his case. (Plaintiff's Memorandum [34] at 6.) He cites case law holding that an ERISA plaintiff's failure to exhaust administrative remedies may be excused where there is a lack of meaningful access to review procedures, or where pursuing internal plan remedies would be futile. *See Stark v. PPM Am., Inc.*, 354 F.3d 666, 671 (7th Cir.2004); *Robyns v. Reliance Standard Life Ins. Co.*, 130 F.3d 1231, 1236 (7th Cir.1997); *Wilczynski v. Lumbermens Mut. Cas. Co.*, 93 F.3d 397, 402 (7th Cir.1996); *Smith v. Blue Cross & Blue Shield United of Wis.*, 959 F.2d 655, 658–59 (7th Cir.1992). Plaintiff Nelson does not argue that he had no access to review procedures, and has not established futility. In order for the futility exception to the exhaustion requirement to apply, Nelson would have to show that it is *certain* that his claim would have been denied on appeal. *Lindemann v. Mobile Oil Corp.*, 79 F.3d 647, 650 (7th Cir. 1996) (emphasis supplied) (citing *Smith,* 959 F. 3d at 659). Nelson has made no such showing here.

In support of his argument, Nelson notes that he availed himself of the internal review procedure regarding Claim One—that is, his claim seeking reciprocal pension credit for the time that he worked outside the Fund's jurisdiction. The Plan Administrator rejected that Claim, and on review, the Trustees did so as well, using the same language that the Plan Administrator had used to deny the claim initially. (Plaintiff's Response to Defendant's Motion for Summary Judgment [36], at 2.) As Nelson sees things, there is "no reason to believe that the Defendant would have taken a closer look at Plaintiff's calculation claim [that is, Claim Two] if it had been appealed internally." (*Id.*) The court disagrees. First, the court notes that although Plaintiff's earlier appeal was unsuccessful, the Board has exhibited willingness to correct errors; in its August 8, 2018 letter affirming the denial of Claim Two, the Board also disclosed that it had discovered an error of its own in calculating the reciprocal pension fund benefits to which Nelson was entitled for one year in the past, and corrected that error. (Def.'s 56.1 Additional Facts ¶ 9.)

2

Second, the issues in Claim One differ significantly from those in Claim Two. Plaintiff no longer challenges the resolution of Claim One, and he does not here challenge Defendant's assertion that denial of that claim was dictated by Plan language. Thus, the fact that the Board rejected Plaintiff's internal appeal on an "out of jurisdiction work" claim does not establish it would have done the same with respect to his "miscalculated hours" claim. Here, as in *Lindemann*, "[t]he two claims are not so identical that" denial of one claim "demonstrates with certainty" that a second claim would also be denied, rendering appeal futile. *Lindemann*, 79 F.3d at 650. Indeed, Plaintiff contends that the rationale cited by the Plan in denying Claim Two--that the discrepancy Plaintiff identified could be explained by a distinction between the Plan's fiscal year and the calendar year—is obviously erroneous. (Plaintiff's Response [36] at 3-4.) If this is true, one could expect that a Board willing to correct its own previous error would be willing to correct this one as well. At a minimum, the evidence does not show that an internal appeal would have faced certain defeat.

Finally, the court notes that the futility doctrine ordinarily is relied on to explain why a claimant would jettison the internal review process altogether and take his dispute directly to the federal court. *See, e.g., Robyns*, 130 F.3d at 1232 (referring to suit filed before completion of administrative review process as a "classic case of jumping the gun"). That is not what happened in this case. Plaintiff did not give up on the Board when he saw the initial denial of his claim. Instead, he did seek Board of Trustees' review of that denial—he just waited well past the appeal deadline to do so. Plaintiff has not established that the Board's enforcement of its internal appeal process was arbitrary or capricious.

## **CONCLUSION**

Defendant's motion for summary judgment [30] is granted. Plaintiff's motion for summary judgment [33] is denied, and the Clerk is directed to enter judgment in favor of Defendant and against Plaintiff. All dates now set are stricken. Civil case terminated.

ENTER:

Dated: March 24, 2020

_____
REBECCA R. PALLMEYER
United States District Judge

3